NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0201n.06
Filed: March 16, 2007

No. 06-1561

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

J.B. LABORATORIES, INC.,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff-Appellee,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　)　ON APPEAL FROM THE UNITED
　　　　　　　　　　　　　　　　　　　　　)　STATES DISTRICT COURT FOR THE
ZEE MEDICAL, INC.,　　　　　　　　　　　)　WESTERN DISTRICT OF MICHIGAN
　　　　　　　　　　　　　　　　　　　　　)
　　　　Defendant-Appellant.　　　　　　　)

Before:　COLE, SUTTON and COOK, Circuit Judges.

PER CURIAM.　This case involves an indemnification dispute over which of two companies—Zee Medical or J.B. Laboratories—should be held responsible for liabilities and litigation costs stemming from product-liability litigation regarding the production and distribution of Dilotab, a nonprescription hay fever and sinus medication.　The district court granted summary judgment to J.B. Laboratories, concluding that Zee Medical is not entitled to contractual indemnification from J.B. Laboratories and that J.B. Laboratories is entitled to common-law indemnification from Zee Medical.　Zee Medical appealed.

During oral argument, the parties informed us that all of the underlying Dilotab products-liability lawsuits against J.B. Laboratories and Zee Medical have been resolved and that neither of

the parties is seeking indemnity from the other. Since oral argument, the parties have clarified the same thing through a letter, noting that "there are no pending product liability lawsuits naming both Zee Medical and J.B. Labs," that "Zee Medical is not actively asserting indemnification claims against J.B. Labs seeking recovery of any out-of-pocket costs" and that "J.B. Labs is not actively asserting indemnification claims against Zee Medical seeking recovery of any out-of-pocket costs." Letter from Richard A. Gaffin (March 14, 2007).

Whatever indemnification controversy once existed between the parties, in short, no longer exists. Because under these circumstances our resolution of this appeal would offer the parties nothing more than an advisory opinion, we must dismiss the case (and appeal) as moot. *See Powell v. McCormack*, 395 U.S. 486, 496 (1969); *Gottfried v. Med. Planning Servs., Inc.*, 280 F.3d 684, 691 (6th Cir. 2002). Consistent with our traditional practice when a case becomes moot on appeal (and when the losing party thus cannot challenge the validity of the district court's decision), we vacate the district court's partial orders and judgments dated March 24, 2005 and February 16, 2006, as well as its order and final judgment dated March 1, 2006. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (1950). The parties do not object to our application of *Munsingwear* in this setting.

For these reasons, we dismiss the appeal as moot.